UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DOLLAR TREE STORES, INC., FAIR
LABOR STANDARDS ACT (FLSA) AND WAGE
AND HOUR LITIGATION                                                MDL No. 2305


ORDER DENYING TRANSFER


**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs move for centralization of four actions as listed on Schedule A in the Southern District of Florida or the District of Colorado.[1] Sole defendant Dollar Tree Stores, Inc. (Dollar Tree) initially opposed the motion, primarily arguing that transfer of these actions to the Eastern District of Virginia under 28 U.S.C. § 1404 was preferable. At the Panel's hearing session, Dollar Tree urged Section 1407 centralization in the Eastern District of Virginia.

We agree that all actions share factual issues arising out of allegations that Dollar Tree failed to pay wages for off-the-clock work and overtime in violation of the Fair Labor Standards Act (FLSA) and state wage and hour laws in Colorado, Florida, Georgia or Texas. The Panel, however, is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation at this time.

The Panel is convinced that cooperation among the parties and deference among the courts can easily minimize the possibilities of duplicative discovery or inconsistent pretrial rulings in the actions now before the Panel. *In re CVS Caremark Corp. Wage and Hour Emp't. Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010). The cases here are not particularly complex. And, informal cooperation to avoid duplicative proceedings is appropriate where most plaintiffs share counsel. *In re Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377 (J.P.M.L. 2011); *In re Rite Aid Corp. Wage and Hour Emp't Practices Litig.*, 655 F. Supp. 2d 1376 (J.P.M.L. 2009).

We also note that the first-filed Southern District of Florida action is administratively closed. Section 1404 motions are pending in the remaining three actions. In the past, we have denied

---

[1] An additional action, *Patricia Green v. Dollar Tree Stores, Inc.*, W.D. Texas, C.A. No. 5:11-00610, has been settled and was dismissed on December 12, 2011. Accordingly, the question of inclusion of this action in MDL proceedings is moot.

The Panel has been notified of two related actions recently filed in the Eastern District of Michigan and the Northern District of Illinois.

-2-

centralization where there is a "reasonable prospect" that the resolution of Section 1404 motions could eliminate the multidistrict character of the actions before us. *See In re Republic Western Ins. Co. Ins. Coverage Litig.*, 206 F. Supp. 2d 1364, 1365 (J.P.M.L. 2002). More recently, we have found that centralization under Section 1407 "should be the last solution that parties seek after considered review of all other options, such as informal coordination or transfer under Section 1404." *In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 2011 WL 3648515, at *2 (J.P.M.L. Aug. 16, 2011).

Although all parties now agree that centralization is appropriate, the Panel has an institutional responsibility that goes beyond accommodating the particular wishes of the parties. In that role, the Panel considers whether centralization outside the plaintiffs' original choice of forum is necessary to achieve efficiencies and promote justice. *In re Equinox Fitness Wage and Hour Emp't Practices Litig.*, 764 F. Supp. 2d 1347 (J.P.M.L 2011). Considering the circumstances now before the Panel, we conclude that either informal coordination among the parties and the courts or Section 1404 transfer, if appropriate, are preferable alternatives to Section 1407 centralization.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

IN RE: DOLLAR TREE STORES, INC., FAIR
LABOR STANDARDS ACT (FLSA) AND WAGE
AND HOUR LITIGATION   MDL No. 2305

## SCHEDULE A

District of Colorado

Tanya Young v. Dollar Tree Stores, Inc., C.A. No. 1:11-01840

Middle District of Florida

Benjamin Bland v. Dollar Tree Stores, Inc., C.A. No. 2:11-00527

Southern District of Florida

Joann Badgett, et al. v. Dollar Tree Stores, Inc., C.A. No. 0:10-61617

Northern District of Georgia

Kenneth Smith v. Dollar Tree Stores, Inc., C.A. No. 1:11-02299